UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   Y'Hoshua Cohen and Pamela Penrod,                              No. 7-10-15616 JR

      Debtors.

Y'Hoshua Cohen and Pamela Penrod Cohen,

      Plaintiffs,

v.                                                                                                  Adversary No. 11-1198 J

Property Owners Committee of Rancho Ruidoso
Valley Estates, a/k/a RRVE, a/k/a POC, a/k/a Rancho
Ruidoso Valleys Estates Association; Wolfgang Diem,
Manual Rubio, Jr., Yolanda Rubio, Gregg Ward,
Cara Wilson, Phillis Hammons, Phil Schreiber,
J. Robert Beauvais, Ron Rockey, Jan Harlow, Stewart
Hood, Richard Phillips, Jerry Saterfield, Dick Lane; Ron Rocky,
Dee Wall, in their individual and professional capacities,
And as officers, directors, agents, and/or employees of
Property Owners Committee of Rancho Ruidoso Valley
Estates,

      Defendants.

## MEMORANDUM OPINION

At a scheduling conference held February 16, 2012, the Court granted leave to the Plaintiffs to file an amended complaint on or before March 12, 2012 to address the jurisdictional issues raised by the Defendants in their Motion to Dismiss, filed January 25, 2012 (Docket No. 6). *See* Minutes of Hearing - Docket No. 10. The Court ruled that the failure to file an amended complaint by March 12, 2012 would result in dismissal without further notice or a hearing. *Id.* Plaintiffs filed an Amended Adversary Complaint ("Amended Complaint") on March 12, 2012. *See* Docket No. 11. In response, on March 16, 2012, Rancho Ruidoso Valley

Estates ("RRVE"), the named officers and directors of RRVE in their official capacity, and J. Robert Beauvais (together, "Defendants"), by and through their attorney, J. Robert Beauvais, filed a second Motion to Dismiss (the "Second Motion to Dismiss"), and served on Plaintiffs the Motion to Dismiss and a Notice of Deadline to File Objections to the Motion to Dismiss specifying a 14-day period to object. *See* Docket No. 14.[1] The Second Motion to Dismiss alleges, among other things, that the Court lacks jurisdiction to hear and decide the claims contained in the Amended Complaint. As of April 10, 2012, Plaintiffs have not filed a response to the second Motion to Dismiss.

On March 29, 2012, Plaintiffs filed yet another amended complaint (the "Second Amended Complaint"). Plaintiffs did not obtain consent from opposing counsel to file the Second Amended Complaint, nor did Plaintiffs obtain leave of the Court to file the Second Amended Complaint as required under Rule 15(a)(2), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7015, Fed.R.Bankr.P.[2] The claims included in the Second Amended Complaint do not materially differ from the claims already asserted by the Plaintiffs in the Amended Complaint; all of the claims in the Second Amended Complaint could be raised outside of bankruptcy, and, for the same reasons set forth below, would fall outside this Court's subject matter jurisdiction. When a proposed amendment "fails to include allegations to cure the defect in the original pleading," it falls within the Court's discretion to deny the request to amend. 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and

---

[1] Under NM-LBR 7007-1 a respondent is required to file a response to a motion to dismiss within 21 days after service of the Motion. *See* Rule NM LBR7007-1 ("Except for motions for summary judgment that are governed by NM LBR 7056-1, a respondent shall file and serve a response to a motion within 21 days after service of the motion."). A 21-day objection period would have expired on April 9, 2012. *See* Rule 9006, Fed.R.Bankr.P.
[2] Rule 15(a), Fed.R.Civ.P. provides, in relevant part:
> [a] party may amend its pleading once as a matter of course within 21 days after serving it. . . .
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> Rule 15(a)(1) and (2), Fed.R.Civ.P.

2

Procedure § 1487 (3d ed. 2010). The Second Amended Complaint contains the same jurisdictional defects as the Amended Complaint. The Court will, therefore, strike the Second Amended Complaint.

The Amended Complaint identifies the following eight causes of action: 1) violation of 42 U.S.C. § 1983 (due process and equal protection clauses, conspiracy and deprivation of civil rights); 2) violation of 42 U.S.C. § 1985 (conspiracy); 3) fraud by omission and nondisclosure; 4) common law conspiracy; 5) negligent infliction of emotional distress; 6) intentional infliction of emotional distress; 7) violation of 18 U.S.C. § 1961 through § 1968 – Racketeering; 8) violation of 18 U.S.C. § 247; 9) violation of N.M.S.A. 1978 §§ 30-42-1 to 30-42-6 – Racketeering; and 10) violation of the fraud against taxpayers act N.M.S.A. § 44-9-1 through § 44-9-14. *See* Amended Complaint, p. 2. Based on these claims Plaintiffs request the following relief: 1) "a temporary restraining order and permanent injunction restraining the Defendants from coming within 100 feet of the Plaintiffs, 25 feet of their property and guests, [and] to restrain Defendants from having any contact at all with Plaintiffs in any manner . . . "; 2) damages in the amount of $5,000,000 based on a violation of Plaintiffs' civil rights, and for actual, general, special and compensatory damages, plus the costs of this action including attorney's fees (*See* Amended Complaint, pp. 25, 29, 31, and 35); 3) damages against J. Robert Beauvais based on Plaintiffs' claim for negligent infliction of emotional distress (*See* Amended Complaint, p. 32); "judgment against the POC for all monies owed the State of New Mexico . . . , and to declare the POC a "Racketeering Organization" . . . and to order the dissolution of said corporation, and the placing in trust all monies and assets held by the POC, on behalf of the Class AKA LOT owners . . . to further immediately order the suspension of J. Robert Beauvais from the practice of law before the Bankruptcy Court . . . to request that the Office of the

Attorney General or the FBI conduct an investigation into these matters and others relating to J. Robert Beauvais, and the POC calling itself Property Owners Committee of Rancho Ruidoso Valley Estates; that further the court appoint a Special Master in this matter and order that all funds held by POC be seized by the special master and all expenditures be approved by said Special Master and held in trust on behalf of the CLASS" (*See* Amended Complaint, pp. 34-35).

Because the Amended Complaint fails to state a claim that falls within the Bankruptcy Court's limited jurisdiction, the Court finds that this adversary proceeding must be dismissed for lack of subject-matter jurisdiction.

## DISCUSSION

Pursuant to Rule 12(h)(3), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012(b), Fed.R.Bankr.P., "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Rule 12(h)(3), Fed.R.Civ.P. (emphasis added). The bankruptcy court is permitted to raise the issue of subject matter jurisdiction on its own, even if a party has not filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P. *See 1mage Software, Inc. v. Reynolds & Reynolds, Co.* 459 F.3d 1044, 1048 (10th Cir. 2006)(stating that "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'")(quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 514, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006).[3] The Court must satisfy itself that it has

---

[3] *See also Williams v. Life Sav. and Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986)(per curiam)("It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue.")(citing *Mansfield, Coldwater & Lake Michigan Railway v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)(remaining citations omitted)); *In re Schultz,* 2009 WL 3261687 at *2 (Bankr.D.N.M. 2009)("'Although Defendant has not filed a Rule 12(b)(1) motion in the instant action, the Court is permitted to raise the issue of subject matter jurisdiction sua sponte.'")(quoting *Johnson v. United States,* 2009 WL 2762729 at *2 (M.D.Pa. 2009)(citing *Daily v. City of Phila.,* 98 F.Supp.2d 634, 636 (E.D.Pa. 2000)); *In re Terracor,* 86 B.R.

4

subject matter jurisdiction over the claims raised in a case because "the federal courts are obligated to police the constitutional and statutory limitations on their jurisdiction." *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir. 1986).

Bankruptcy courts are courts of limited jurisdiction.[4] With certain exceptions not applicable here,[5] Bankruptcy courts have jurisdiction to "hear and determine all cases under title 11" as well as "core" proceedings arising under title 11 or arising in a case under title 11, 28 U.S.C. § 157(b)(1).[6] *In re Johnson,* 574 F.3d 1079, 1082 (10th Cir. 2009). Further, bankruptcy courts may hear non-core proceedings that are related to a case under title 11. *Id.*[7] "Core" proceedings are proceedings which involve rights created by bankruptcy law or which would only arise within a bankruptcy context. *Gardner,* 913 F.2d at 1518 (explaining that "'[c]ore' proceedings are proceedings which have no existence outside of bankruptcy.")(citation omitted). "Non-core" proceedings are proceedings that are otherwise "related to" a case under title 11 but which do not invoke substantive rights created by bankruptcy law, can arise independently of a bankruptcy case, and are not defined as core proceedings under 28 U.S.C. § 157(b)(2).[8] Whether

---

671, 677 (D.Utah 1988)("Questions involving subject matter jurisdiction may be asserted by any party at any time or raised by a court *sua sponte.*")(citations omitted).

[4] *See Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1517 (10th Cir. 1990)(per curiam)(stating that "[b]ankruptcy courts have only the jurisdiction and powers expressly or by necessary implication granted by Congress.")(citation omitted).

[5] *See Stern v. Marshall,* __ U.S. __, 131 S.Ct. 1594, 180 L.Ed.2d 475 (2011)(holding that in certain circumstances the bankruptcy court did not have constitutional authority to enter a final judgment on state law counterclaim by a debtor that was independent of federal bankruptcy law).

[6] Section 157(b)(1) provides:
>    Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . .
>    28 U.S.C. § 157(b)(1).

[7] *See also* 28 U.S.C. § 1334(b)(" . . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C. § 157(a)("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."); 28 U.S.C. § 157(c)(1)("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.").

[8] *See Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 765, 771 (10th Cir. BAP 1997)(explaining that "[a] proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being

5

a proceeding that is not a core proceeding falls within the bankruptcy court's non-core jurisdiction hinges upon whether the outcome of the proceeding could conceivably have an effect on the bankruptcy estate.[9]   With these jurisdictional parameters in mind, the Court will consider whether the Court has jurisdiction to hear the claims raised in Plaintiffs' Amended Complaint.

Plaintiffs filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 10, 2010.  *See* Case No. 7-10-15616 JR.  Some of the factual allegations raised in the Amended Complaint appear to relate to pre-petition matters.  *See, e.g.,* Amended Complaint, ¶¶ 23, 24, 26, 27, 36, 37, 38, 41, 42, 43.  Other factual allegations describe specific, post-petition incidents of alleged harassment, including name-calling, rock throwing, and intimidation of the Debtors and their guests that occurred after the date Plaintiffs filed their voluntary Chapter 7 petition.  *See, e.g.,* Amended Complaint, ¶¶ 45 - 63, 67- 75.

Property of the bankruptcy estate, defined in 11 U.S.C. § 541, encompasses a broad range of property and includes all of a debtor's legal interests of the debtor in property as of the commencement of the debtor's bankruptcy case. 11 U.S.C. § 541(a)(1).  Pre-petition causes of action that a debtor holds under state law constitute property of the bankruptcy estate.[10]   To the extent Plaintiffs' claims are premised actions that occurred *before* the Plaintiffs filed their bankruptcy case, the claims constitute pre-petition causes of action that must be asserted by the

---

administered in bankruptcy.'")(quoting *Gardner,* 913 F.2d at 1518 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984)(additional internal quotation marks omitted))(remaining citation omitted)).
[9] *See In re Gregory Rock House Ranch, LLC,* 339 B.R. 249, 253 (Bankr.D.N.M. 2006)(stating that "[t]he bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate.")(citing *Gardner,* 913 F.2d at 1518 (remaining citation omitted)).
[10] *See Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir. 1996)(stating that property of the estate "includes causes of action belonging to the debtor at the commencement of the bankruptcy case.")(citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 367, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323 (property of the estate under § 541 "will include choses in action and claims by the debtor against others.")(remaining citations omitted); *In re White,* 297 B.R. 626, 634 (Bankr.D.Kan. 2003) ("An accrued cause of action belonging to the debtor at the commencement of the bankruptcy case is property of the estate.") (citing *In re Smith,* 293 B.R. 786 (Bankr.D.Kan. 2003)).

Chapter 7 Trustee.[11] Plaintiffs have no standing to pursue those claims unless and until the Chapter 7 Trustee abandons the claims.[12] Under Rule 17(a)(3), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7017, Fed.R.Bankr.P., the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until . . . a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rule 17(a)(3), Fed.R.Civ.P. The Court will give the Chapter 7 Trustee 21 days within which to determine whether to join in this adversary proceeding and be substituted as real party in interest in place of Plaintiffs. Should the Chapter 7 Trustee take no action, the claims will be deemed abandoned to the Plaintiffs. Once abandoned, the Plaintiffs would have standing to assert them, but because the claims premised on pre-petition actions do not arise under Title 11, do not arise in a case under Title 11, and are not related to a case under Title 11, the Court would not have jurisdiction to hear them. Such claims are governed wholly by non-bankruptcy law, exist independently of a bankruptcy case, and, if abandoned by the trustee, any recovery on such claims would have no impact on the handling or administration of the bankruptcy case and could have no conceivable effect on the bankruptcy estate; consequently, the Court would not have jurisdiction to hear them. *Cf. Von Grabe v. Mecs (In re VonGrabe),* 332 B.R. 40, 43–44 (Bankr.M.D.Fla. 2005)(concluding that the Court lacked jurisdiction over an adversary proceeding filed by the Chapter 7 debtor where the claims at issue reverted back to the debtor upon abandonment by the trustee and the asset was no longer part of the bankruptcy estate; the

---

[11] *See Parker v. Wendy's Int'l, Inc.* 365 F.3d 1268, 1272 (11th Cir. 2004), *rehearing and rehearing en banc denied by* 116 Fed.Appx. 254 (11th Cir. 2004)("Generally speaking, a pre-petition cause of action is property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.")(citation omitted); *Graupner v. Town of Brookfield,* 450 F.Supp.2d 119, 126 (D.Mass. 2006)("The [debtor's] pre-petition civil rights claims . . . remain the property of the bankruptcy estate and [the debtor] is without standing to assert them.")(citation omitted).
[12] *See Harris v. St. Louis Univ.,* 114 B.R. 647, 649 (E.D.Mo.1990)(stating that "[t]he debtor may regain standing to pursue a cause of action if the cause of action is abandoned by the trustee.").

7

outcome of the proceeding would have no conceivable impact on the administration of the bankruptcy estate)(citations omitted).

State law causes of action and other federal non-bankruptcy law causes of action that arise *after* the filing of a Chapter 7 bankruptcy case belong to the debtor. *See* 11 U.S.C. § 541 (defining property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case."). *Compare,* 11 U.S.C. § 1306 (defining property of the estate in Chapter 13 cases to also include "all property . . . that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 . . ."). *Cf. In re Witko,* 374 F.3d 1040, 1042 (11th Cir. 2004)(stating that "[p]re-petition causes of action are part of the bankruptcy estate and post-petition causes of action are not."). However, because any recovery based on such causes of action will have no conceivable effect on the bankruptcy estate, the claims are not "related to" the Plaintiffs' bankruptcy case and the Court lacks jurisdiction to hear them. *See, Bobroff v. Continental Bank (In re Bobroff),* 766 F.2d 797, 804 (3rd Cir. 1985)(holding that the debtor's tort claims that arose post-petition were not property of the estate such that the district court did not have jurisdiction to adjudicate them as "related to" the debtor's bankruptcy case); *Atwood v. GE Money Bank (In re Atwood),* 452 B.R. 249, 256 (Bankr.D.N.M. 2011)(concluding that the court did not have subject matter jurisdiction over chapter 7 debtor's post-petition claim under the Fair Debt Collection Practices Act). Plaintiffs' causes of action as set forth in the Amended Complaint are either federal non-bankruptcy causes of action, or state law causes of action, including civil rights claims, common law conspiracy, intentional infliction of emotional distress, and racketeering as defined under New Mexico law. None of these causes of action raise bankruptcy issues, and, to the extent such causes of action arose post-petition, the Court has no jurisdiction to hear them.

8

The only allegation in the Amended Complaint that includes a reference to a bankruptcy concept is Plaintiffs' allegation in paragraph 66. of the Amended Complaint that:

> on or about September 12, 2011 in meeting in the gallery of the Courtroom of Judge Jacobvitz acting individually and/or as an officer, agent, or director of RRVE aka Property Owners Committee of Rancho Ruidoso Valley Estates, and J. Robert Beauvais knowing Rabbi Cohen and Pamela Penrod to be potential witnesses in a matter in Federal or State Court, or in any administrative or quasi judicial proceeding, Phillis Hammons, Cara Wilson, Yolando Rubio, Robert Beauvais and Manuel Rubio did conspire to violate the automatic stay and thereby the Due Process rights of Rabbi Cohen and conspired to file false reports against Rabbi Cohen and his property with the State Fire Marshall and the Construction Industries Division of the State of New Mexico, and the State Health Department, attempting to entice State agencies to violate the stay and take jurisdiction over the property of the bankruptcy estate.

Amended Complaint, ¶ 66.

Conspiracy to violate the automatic stay is not the equivalent of violating the automatic stay. The Amended Complaint does not contain any specific factual allegations of post-petition acts taken by the Defendants that would violate the automatic stay.

Plaintiffs also allege that Defendants harassed, intimidated, or assaulted them in the courtroom or outside the bankruptcy courthouse following a hearing before the Bankruptcy Court. Paragraphs 64 and 65 of the Amended Complaint alleges that during a hearing held September 12, 2011, in the courtroom, Phillis Hammons, Cara Wilson, Yolanda Rubio, Robert Beauvais and Manuel Rubio conspired to execute a physical attack on Plaintiff Yhoshua Cohen as he exited the courthouse after the hearing, that all but Robert Beauvais exited the courthouse and waited for Yhoshua Cohen to exit the building, and that they then followed him down the handicap ramp, physically attacking him, yelling at him, and kicking his briefcase. *See* Amended Complaint ¶¶ 64 and 65.

The Court, by its very nature as an institution, has the "'inherent power to impose order, respect, decorum, silence and compliance with lawful mandates[,]'" and has the "inherent power

to sanction conduct prejudicial to the integrity of the judicial process[.]" *In re Hentges,* 352 B.R. 487, 490 (Bankr.N.D.Okla. 2006)(quoting *United States v. Shaffer Equip.Co.,* 11 F.3d 450, 461 (4th Cir. 1993)(remaining citations omitted). However, here, the Court did not witness any action by the Defendants that allegedly occurred outside the courtroom, or outside the courthouse. As for the intimidation and conspiracy Plaintiffs allege occurred inside the courtroom, the Court did not hear any such remarks being made during the hearing held September 12, 2011. The Court does caution all litigants who may appear in before it in connection with the Plaintiffs' bankruptcy case that the Court will not tolerate any improper behavior.

Based on the foregoing, the Court finds that this adversary proceeding must be dismissed for lack of subject matter jurisdiction, subject to giving the Chapter 7 Trustee an opportunity to be substituted as real party in interest as to the pre-petition causes of action. The Court will enter separate orders consistent with this Memorandum Opinion striking the Second Amended Complaint, dismissing the post-petition causes of action raised in this adversary proceeding, and granting leave to the Chapter 7 Trustee to determine whether to prosecute the pre-petition causes of action raised in this adversary proceeding.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 10, 2012

COPY TO:

**Y'Hoshua Cohen**
**Pamela Penrod Cohen**
Plaintiffs
100 Cowboy Court
Alto, NM 88312


**John Robert Beauvais**
J. Robert Beauvais, P.A.
Attorney for Defendants
PO Box 2408
Ruidoso, NM 88345

**Linda S. Bloom**
Chapter 7 Trustee
PO Box 218
Albuquerque, NM 87103-0218

11